■ In the Matter of Lawrence R. Tierney, et al., Appellants, v Joseph J. Previte et al., Constituting the Board of Elections of the City of New York, et al., Respondents.—Order, Supreme Court, New York County, entered March 19, 1976, dismissing appellants' petition, unanimously modified, on the law, to the extent of deleting that portion thereof which holds that the Rules of the State Committee of the Democratic Party violate section 11 of the Election Law; and otherwise affirmed, without costs or disbursements. We find nothing in section 11 of the Election Law which requires that the geographical area from which a State committee candidate runs must be uniform throughout the State. On the contrary, said section gives the State committee of each political party the widest possible latitude to provide for both the "units" of committee representation and for the number of its members, provided the one-man, one-vote rule is obeyed. Thus, to the extent that the State committee chooses a uniform unit which is subdivided to satisfy geographical requirements, the unit as a whole must be allotted the same number of votes as is every other unit and the vote cast by each member elected from the geographical area must be proportionately representative of that area. The Democratic State Committee Rules preserve the foregoing fundamental principles of fairness and proportional representation by providing for fractional voting where a member is elected from a smaller geographical area within the Assembly District unit in accordance with a formula corresponding to the Democratic voting strength of such area. However, the aggregate of all members' votes within the Assembly District unit still remains the same. Appellants originally sought to invalidate the designating petitions filed by respondents Russo and Lambo because, *inter alia,* of overdesignation. However, they thereafter

significantly modified the relief requested by attacking the validity of only volume I of the two volumes which made up the designating petitions, consisting only of signatures obtained in those election districts of the 62nd Assembly District located in New York County; and they did not challenge volume II, containing signatures obtained in the Staten Island Election Districts. We find no legal justification for such limited attack. (Cf. Election Law, §§ 145, 330.) Accordingly, the petition was properly dismissed below. Concur—Markewich, J. P., Murphy, Lupiano, Birns and Capozzoli, JJ.